UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLAKE HUNTER WRIGHT                                CIVIL ACTION

VERSUS                                             NO. 25-92

JACKSON OFFSHORE                                   SECTION M (4)
OPERATORS, LLC, *et al.*

## ORDER & REASONS

Before the Court is a motion for partial summary judgment filed by plaintiff Blake Hunter Wright.[1] Wright seeks an order finding that the vessel on which he was allegedly injured, the M/V *Storm*, was unseaworthy because the deck board that supposedly gave way was deteriorated (*i.e.*, "internally rotten") and thus not reasonably fit for its intended purpose, which he says was to provide a work area for the vessel's deck crew.[2]

Defendants Jackson Offshore Operators, LLC and Jackson Offshore Holdings, LLC (together, "Defendants") respond in opposition, arguing that there are disputed issues of material fact that preclude summary judgment on Wright's unseaworthiness claim.[3] In particular, Defendants contend that Wright has not shown that the deck board was not reasonably fit for its intended purpose, which they say was to provide a durable and rough surface on which to land and transport cargo, to take wear, and, when necessary, to fail so as to prevent damage to the *Storm*'s steel deck.[4] Further, Defendants contend that, to the extent that the deck boards had a secondary purpose of providing a safe walking surface, there are disputed issues of material fact that preclude

---

[1] R. Doc. 27.
[2] R. Doc. 27-1 at 1-25.
[3] R. Doc. 35.
[4] *Id.* at 1, 3, 8-16.

summary judgment on their seaworthiness.[5] For example, Defendants argue that, because Wright's foot dropped a maximum of two inches, if at all, and the steel deck did not give way, "[a] jury could reasonably conclude that the risk of a deck board collapsing under a seaman's weight and allowing him to fall *up to two inches* does not constitute an unreasonable risk of harm that would give rise to an unseaworthy condition."[6] Defendants also argue that there is a dispute as to whether Wright was actually injured and the cause of those alleged injuries.[7]

Wright replies in further support of his motion, arguing that, even if the deck boards were intended to protect the steel below, they served as a work surface and Defendants had a non-delegable duty to ensure that they were seaworthy.[8] Wright also asserts that seaworthiness is not always an issue for the jury, that he has proved his case, and Defendants' defenses ring hollow.[9] Further, Wright contends that the cause of his accident and injury was unquestionably the deck boards.[10]

Having considered the parties' memoranda, the record, and the applicable law, the Court denies Wright's motion because, as pointed out by Defendants, there are disputed issues of material fact that preclude summary judgment on Wright's unseaworthiness clam. "The issue of seaworthiness is a finding of fact, which is generally best left for a jury to decide." *Williams v. Sea Support Ventures LLC*, 708 F. Supp. 3d 813, 820 (E.D. La. 2023) (citing *Mahnich v. Southern S.S. Co.*, 321 U.S. 96, 98 (1944); *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002)). Accordingly, for the foregoing reasons,

---

[5] *Id.* at 14-16.
[6] *Id.* at 1-16 (quote at 15) (emphasis in original).
[7] *Id.* at 16-19.
[8] R. Doc. 37 at 1-4.
[9] *Id.* at 4-10.
[10] *Id.* at 8-9.

3

IT IS ORDERED that Wright's motion for partial summary judgment on his unseaworthiness claim (R. Doc. 27) is DENIED.

New Orleans, Louisiana, this 5th day of February, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE